IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JUSTIN L. COLEMAN,<br><br>      Defendant. | 8:22CR18<br><br>ORDER ON APPEARANCE FOR<br>SUPERVISED RELEASE VIOLATION |

  The defendant appeared before the Court on December 20, 2024 regarding Amended Petition for Offender Under Supervision [89]. Karen Shanahan represented the defendant. Donald Kleine represented the government. The defendant was advised of the alleged violation(s) of supervised release, right to retain or appointment of counsel, and any right to a preliminary hearing in accordance with Federal Rule of Criminal Procedure 32.1(a)(3).

  The government made an oral motion to dismiss Petition for Offender Under Supervision [77]. The government's oral motion to dismiss Petition for Offender Under Supervision [77] is granted without objection.

  The defendant freely, knowingly, intelligently, and voluntarily waived the right to a preliminary hearing. Fed. R. Crim. P. 32.1(b)(1)(A). The Court finds probable cause as alleged in the petition to believe the defendant violated the terms of supervised release and the defendant should be held to answer for a final dispositional hearing. Fed. R. Crim. P. 32.1(b)(1)(C). The defendant shall appear personally for a final dispositional hearing before U.S. District Judge Brian C. Buescher in Courtroom No. 5, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:30 a.m. on January 16, 2025.

  The government moved for detention based upon danger. The defendant requested a detention hearing which was held. The defendant met his burden to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community, with additional conditions. Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is denied, and the defendant shall be released at **10:00 a.m. December 23, 2024**, on the current terms and conditions of supervision, which shall also include the following:

  Defendant shall have an interlock device installed on any and all vehicles that he owns or operates. Defendant to remain detained until USPO receives confirmation that such device is installed. Defendant shall not drive any other motor vehicle without the interlock device;

  Defendant shall utilize a remote alcohol handheld device;

  Defendant shall follow any and all recommendations of his substance abuse evaluation, and he shall attend treatment and follow any discharge recommendations. 18 U.S.C. § 3143(a)(1).

**IT IS SO ORDERED**.

Dated this 23rd day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge